# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIBANK 2009-1 RES-ADC VENTURE, LLC, as Receiver of 1st CENTENNIAL BANK, in receivership,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>SAN DIEGO COMMUNITY HOUSING CORPORATION, a California nonprofit benefit corporation; DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Civil No. 09cv2880 JLS (NLS)<br><br>**ORDER RE:**<br><br>**(1) DEFENDANT'S MOTION TO EXTEND FACT DISCOVERY DEADLINE;**<br><br>**(2) MOTION TO STAY OR QUASH DEPOSITIONS OR FOR PROTECTIVE ORDER;**<br><br>**(3) MOTION TO STAY DISCOVERY AND FOR ORDER SHORTENING TIME**<br><br>[Doc. Nos. 35, 37 & 38.] |

**I.   BACKGROUND**

Plaintiffs Multibank 2009-1 RES-ADC Venture LLC and Federal Deposit Insurance Corporation ("FDIC") as Receiver of 1st Centennial Bank bring this action for judicial foreclosure of a $4,117,000 note secured by a deed of trust on a low income housing project. Defendant SDCHC cross-claimed against the FDIC claiming that the parties entered into an enforceable contract in March 2009 to sell the note and reconvey the deed of trust for $1,519,000. The FDIC denies there was ever an enforceable agreement between the parties. Further, the FDIC claims that the court lacks jurisdiction over the cross-claim because SDCHC failed to avail itself of the requisite claims procedure provided by the FDIC.

1         On March 22, 2010 the Court issued a Scheduling Order setting a fact discovery deadline of
2  August 6, 2010.  [Doc. No. 23]  The Court subsequently extended this deadline to September 20, 2010.
3  [Doc. No. 34.] Currently before the Court is Defendant SDCHC's motion to extend fact discovery by 30
4  additional days. [Doc. No. 35.] The FDIC filed an Opposition. [Doc. No. 36.]
5         Also before the Court is FDIC's motion to stay or quash depositions of Ryan Moore and Sean
6  Johnson, employees of the FDIC contractor who allegedly entered the reconveyance contract with
7  SDCHC, and the Rule 30(b)(6) deposition of the FDIC as Receiver.  Alternatively, Plaintiff requests that
8  the Court issue a Protective Order continuing the date of the FDIC deposition and limiting the scope of
9  the deposition inquiry.
10 **II.    DISCUSSION**
11        The Court has previously extended the discovery cutoff in this case and does not find good cause
12 to grant an additional extension.  The deposition notices while served on the eve of discovery cutoff and
13 with nearly unreasonable notice (only six business days for Sean Johnson and Ryan Moore) and nine
14 business days for the FDIC were nevertheless noticed before the  fact discovery deadline.  The Court
15 finds that the depositions of Sean Johnson and Ryan Moore, fact witnesses known to both parties for
16 some time, should go forward tomorrow as noticed.   However, the subject areas noticed for the FDIC's
17 Rule 30(b)(6) deposition are so overly broad that the Court finds good cause to stay this deposition and
18 issue a protective order such that the FDIC deposition shall not go forward until further order of the
19 court.  The parties shall meet and confer in an effort to limit the subject areas for the FDIC deposition
20 and agree on a reasonable date for the FDIC deposition.  The parties shall submit a joint statement to the
21 court on the results of their meet and confer as ordered below.
22 **III.   CONCLUSION**
23        Based on the above, the Court **HEREBY ORDERS** the following:
24        (1) Defendant's motion for an extension of the fact discovery cutoff is **DENIED**;
25        (2) Plaintiff's motion to stay or quash the depositions of Sean Johnson and Ryan Moore to take
26 place on September 17, 2010, is **DENIED**;
27        (3) Plaintiff's motion to stay the deposition of FDIC as Receiver is **GRANTED**;
28        (4) Plaintiff's motion for a protective order with regard to the deposition of FDIC as Receiver is

1 | **GRANTED** until further order of the court.

2 |     Regarding the FDIC deposition, the parties are to meet and confer on or before Wednesday *September 22, 2010* and submit to this Court a joint statement on or before Friday, *September 24, 2010.*

**IT IS SO ORDERED**.

DATED: September 16, 2010

*/s/ Nita L. Stormes*

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court