**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MULTIBANK 2009-1 RES-ADC VENTURE, LLC, as Receiver of 1st CENTENNIAL BANK, in receivership,<br><br>　　　　　　　　Plaintiffs,<br>v.<br>SAN DIEGO COMMUNITY HOUSING CORPORATION, a California nonprofit benefit corporation; DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Civil No. 09cv2880 JLS (NLS)<br><br>**ORDER GRANTING MOTION TO PERMIT DISCOVERY ON TRIAL EXHIBITS**<br><br>[Doc. No. 78.] |

**BACKGROUND**

The issue presented by this motion is whether Plaintiff Multibank 2009-1 Res-ADC Venture, LLC (Multibank) can reopen discovery in order to prove at trial it has standing to enforce a note and deed of trust it acquired from former plaintiff FDIC during the course of this litigation. San Diego Community Housing Corporation (SDCHC) contends Multibank failed to produce evidence of its standing before the discovery period closed, so it should be precluded from introducing that evidence at trial.

The facts are straightforward. The procedural history is a little more complicated. SDCHC borrowed $3,485,000.00 from 1st Centennial Bank (Centennial) to build a 20 unit apartment building. SDCHC executed a note and deed of trust in favor of Centennial, the balance of which with interest and

penalties now totals $5,890,762.13. [Doc. No. 72, at 5.] SDCHC defaulted on the note, Centennial went into receivership, and the FDIC as Receiver for Centennial filed an action in state court to enforce the note and foreclose the deed of trust. SDCHC removed the action to this court on December 23, 2009, and cross-claimed against FDIC for breach of contract, alleging a representative of FDIC negotiated an oral agreement to sell the note back to SDCHC and reconvey the deed of trust in exchange for a payment of $1,519,200.00. [Doc. No. 1.] FDIC filed a motion to dismiss the cross-claim and a request to continue the Early Neutral Evaluation (ENE) conference because the FDIC was in the process of selling the note bundled with a large number of other notes, and the buyer (the real party in interest) had not yet been identified. [Doc. Nos. 3 and 8.] The court denied the FDIC's motion to dismiss the cross-claim for breach of contract. [Doc. No.17.] Soon after that, on March 12, 2010, the parties jointly moved to substitute the buyer of the note, Multibank, as plaintiff in place of the FDIC. [Doc. No. 18.] The court granted that motion on March 15, 2010. [Doc. No. 19.]

On March 22, 2010, the Court issued a scheduling order, setting a fact discovery deadline of August 6, 2010. [Doc. No. 23.] After a joint request, the Court extended the discovery deadline to September 20, 2010. [Doc. No. 34.] Prior to that deadline, SDCHC filed an ex parte request to again extend the discovery deadline, so it could complete discovery on its cross-claim against the FDIC. [Doc. No. 35.] Of particular relevance to this motion, SDCHC noticed a Rule 30(b)(6) deposition of the FDIC on twenty-four subject areas including testimony regarding the FDIC's transfer of the note and deed of trust to Multibank. Multibank filed an opposition to the motion to extend discovery along with a motion to quash the FDIC deposition as overbroad and burdensome or alternatively for a Protective Order. [Docs. Nos. 36, 37 & 38.] The Court declined to extend the discovery cutoff but stayed the FDIC deposition until it could resolve the parties' dispute on the parameters of that deposition. [Doc. No. 40].

On September 24, 2010, the parties filed a Joint Motion for Determination of Discovery Dispute. [Doc. No. 44]. One of the categories of deposition testimony in dispute concerned the FDIC's purported sale of the promissory note and deed of trust to Multibank. [Doc. No. 44, at 3-4.] In support of its argument that discovery on this category should be allowed, SDCHC stated:

//

//

> This case involves a Promissory Note given by SDCHC to First Centennial Bank and a Deed of Trust securing that note. Notice Items 5 and 7 seek deposition testimony regarding the sale of SDCHC's Promissory Note and Deed of Trust to a related entity, . . . Multibank.. . . SDCHC seeks to learn what representations were made by FDIC to Multibank regarding the status of the Promissory Note, collectability of the note, the validity of claims made by SDCHC in this case and their effect on the value of the Promissory Note, and whether Multibank had actual notice of this action before making its acquisition. **SDCHC further seeks to confirm that the Promissory Note and Deed of Trust were properly transferred to Multibank, and that Multibank is, in fact, the current owner of those instruments, as it claims**.. . . (*emphasis added*)

[Doc. No. 44 at 4.]

On September 27, 2010 the Court held a settlement conference. Following that conference the court took the discovery dispute under submission, continued the stay on the FDIC deposition and set a further settlement conference for November 12, 2010. [Doc. No. 46.] In its Order, the Court stated if the case did not settle on November 12, 2010, it would then resolve the discovery dispute and set new pretrial deadlines. *Id.* On November 12, 2010, the parties filed a joint stipulation for dismissal of SDCHC's cross-claim against the FDIC with prejudice. [Doc. No. 48.] On that same day, the scheduled telephonic settlement conference took place, after which the Court entered a minute order requiring SDCHC's counsel to advise the Court by November 17, 2010, whether the parties had resolved their discovery dispute. [Doc. No. 49.] On November 22, 2010, SDCHC filed a notice withdrawing the joint motion for resolution of the discovery dispute. [Doc. No. 52.]

In the midst of this discovery hiatus, the Court entered an First Amended Scheduling Order on November 15, 2010, setting a deadline of March 24, 2010, for counsel to comply with the pretrial disclosure requirements of Rule 26(a)(3). [Doc. No. 50.] Prior to that date, on December 10, 2010, Multibank filed a Motion for Summary Judgment. [Doc. No. 53.] SDCHC opposed, arguing in part there is a genuine issue of fact whether Multibank is the owner of the note. [Doc. Nos. 64 and 65.] After supplemental briefing, on March 21, 2011, Judge Sammartino agreed with SDCHC and denied Multibank's summary judgment motion, stating:

//

//

//

>The Court agrees with SDCHC. Plaintiff has failed to demonstrate that it is the holder of the note because, although it is in possession of the note, it has failed to demonstrate that the note is properly payable to Plaintiff. An allonge purporting to make the note payable to Plaintiff accompanies Mr. Yaffe's declaration. (Yaffe Decl. Ex. B, at 1.) However, for the allonge to constitute part of the note, it must be on "a paper affixed to the instrument." Cal. Com. Code § 3204. Here, the evidence does not demonstrate that the allonge is affixed to the note. The allonge is on a separate sheet of paper; there is no evidence that it is stapled or otherwise attached to the note. (citations omitted).

[Doc. No. 69 at 4.] Judge Sammartino further held there is a genuine issue of fact as to whether Vanessa Orta, the signatory on the allonge, had authority to transfer the note. *Id.*

On March 24, 2011, Multibank filed its pretrial documents and disclosures which contained 27 trial exhibits, including, for the first time, a limited power of attorney form evidencing Orta's authority to transfer the note on behalf of the FDIC. [Doc. No. 72.]  The exhibits also contain the allonge signed by Orta and the assignment of the deed of trust from FDIC to Multibank.  SDCHC objected to 18 of the trial exhibits claiming they were not previously disclosed in discovery. At the pretrial conference on April 21, 2011, Judge Sammartino set a trial date of November 14, 2011, a motions in limine filing deadline of July 1, 2011, and referred the parties to this court for a determination of the discovery dispute. [Doc. No. 77.]  Multibank then filed the instant Motion to Amend the Scheduling Order to Permit Discovery on Certain Trial Exhibits. ("Mot.") [Doc. No. 78.]  SDCHC filed an Opposition ("Opp'n").  [Doc. No. 86.]  Multibank filed a Reply.  [Doc. No. 87.]

## APPLICABLE LAW

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires a party to provide initial disclosure of all documents in its possession that may be used to support its claims or defenses.  Rule 26(e)(1)(A) provides that initial disclosures must be supplemented or corrected "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . ."  Rule 26(a)(3) requires in addition to initial disclosures that a party file within 30 days of trial or as otherwise ordered certain information about the evidence it may present at trial including identification of each document it intends to offer. Rule 37(c) states that if a party fails to disclose or supplement in accordance with Rule 26(a) or (e), the party will not be allowed to use that information at a hearing or at trial "unless the failure was substantially justified or is harmless." *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001) (Rule 37 "gives teeth" to provisions in Rule 26).

Rule 16(b)(4) provides a scheduling order may modified only "for good cause and with the judge's consent."

## DISCUSSION

(1) *The parties' positions*

Multibank contends there is no basis upon which to question the legitimacy of the FDIC's transfer of the note and deed of trust to Multibank because it was a part of a "structured transaction" that the FDIC commonly employs, in which the FDIC forms a limited liability company (in this case Multibank), the assets of various receiverships are sold to the company, and then a portion of the membership interest is sold to a private party. (Mot. at 8-9.) However, inasmuch as SDCHC does question the validity of the transfer, Multibank argues there is good cause to amend the scheduling order and allow discovery on the transfer of ownership documents. In support of that position, Multibank maintains: (i) this dispute could not have been anticipated prior to Judge Sammartino's ruling on the summary judgment motion; (ii) there will be no prejudice to either party; (iii) Multibank's new counsel has been diligent in offering discovery since entering the case;[1] (iv) although Multibank opposed SDCHC's request to extend discovery cut-off in September 2010 [doc. nos. 35, 36 and 40], the transfer documents were not requested at that time; (v) the issue regarding transfer documents was not raised by SDCHC until its response to the motion for summary judgment; and (vi) since the ruling on the motion, Multibank has disclosed all the transfer documents and offered to permit SDCHC to take additional discovery which it has refused to do. (Mot. at 10-11.)

SDCHC contends the motion should be denied because: (i) it does not want to take discovery on the disputed documents; (Opp'n at 6) (ii) this discovery motion is nothing more than an effort to pre-empt SDCHC's motion in limine to exclude the documents at trial; *Id*. (iii) during discovery it sought information from the FDIC about ownership of the note and deed of trust "by requesting all documents related to the loan." (Opp'n at 4.) FDIC did not provide the documents and stated it had turned them all over to Multibank; *Id*. (iv) Multibank is judicially estopped from seeking an extension of the discovery deadline because it previously opposed SDCHC's request for an extension; (v) Multibank's disclosure

---

[1] The court granted Multibank's motion to substitute new counsel on March 16, 2011. [Doc. No. 68]

of the disputed documents after the fact discovery deadline is untimely under Rule 26(e); (Opp'n at 11-13.) (vi) there is no good cause to reopen discovery because Multibank should have known proof of ownership of the note and deed of trust is part of its prima facie case; (vii) SDCHC will be "severely prejudiced" by extending the discovery cutoff because it has defended this litigation on the premise that "Multibank could not prove its case." (Opp'n at 15-16.)

(2) *Analysis*

The Court agrees the documents that demonstrate Multibank is the holder of the note and deed of trust are part of its prima facie case and should have been disclosed as part of its initial disclosures under Rule 26(a) or as timely supplemental disclosures under Rule 26(e). There is a fair question whether Multibank's production of these documents on March 24, 2011 after the summary judgment ruling and as part of its Rule 26(a)(3) pretrial disclosures is "timely supplementation" for purposes of Rule 26(e) and Rule 37. The circumstances here persuade the court that Multibank's failure to produce the documents earlier was substantially justified because "there exist[ed] a genuine dispute concerning compliance." *Sowell v. United Container Machinery, Inc.,* 2002 WL 31466439 (D. Kan.) (finding "substantial justification" under Rule 37 is satisfied where there is genuine issue concerning compliance with discovery obligations pursuant to Rule 26) *citing Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988) (referring to Rule 37 Advisory Committee Notes to arrive at definition of "substantially justified" as where there exists genuine dispute or where reasonable people could differ as to appropriateness of particular conduct).

The court reaches this conclusion for the following reasons. In pursuit of its cross-claim SDCHC questioned the legitimacy of the FDIC's transfer of the note and deed of trust to Multibank. Before the discovery deadline ran on September 20, 2010, SDCHC noticed a Rule 30(b)(6) deposition of the FDIC in part to "confirm that the Promissory Note and Deed of Trust were properly transferred to Multibank, and that Multibank is, in fact, the current owner of those instruments, as it claims . . ." [Doc. 44, at 3-4.] The court stayed the deposition to resolve the parties' dispute regarding the scope of the deposition, but SDCHC later dismissed its cross-claim against the FDIC and agreed to withdraw the discovery dispute. [Doc. Nos. 48, 52.] At that juncture it is fair to say Multibank reasonably assumed SDCHC would not contest Multibank's ownership of the note and standing to enforce it. If legitimate

1  ownership of the note and deed of trust were still in issue, SDCHC could have requested the stay be
2  lifted so it could take the deposition of the FDIC witness and obtain discovery of the transfer documents
3  it now seeks to preclude at trial. After withdrawing its request for discovery of this evidence, SDCHC
4  cannot be heard to complain it is prejudiced because it did not get the ownership documents sooner.
5  Moreover, there is little prejudice to SDCHC because there is sufficient time before trial for SDCHC to
6  examine the ownership documents and take discovery from authenticating witnesses should it choose to
7  do so.

8  Therefore, the court grants Multibank's motion and reopens discovery for the limited purpose of
9  allowing the parties to conduct discovery on the FDIC's transfer of the note and deed of trust to
10 Multibank, and specifically on Multibank's Trial Exhibit Nos. 3, 7-12, 14-16, 18-22, 24, 26 and 27.
11 The parties shall have until ***September 16, 2011*** to conduct that discovery. The Court also sets a
12 deadline of ***August 5, 2011*** for Multibank to supplement its pretrial witness disclosures to identify any
13 authenticating witnesses for these trial exhibits.[2]

14 **IT IS SO ORDERED**.

15 DATED: July 20, 2011

17 Hon. Nita L. Stormes
   U.S. Magistrate Judge
18 United States District Court

---

[2] The court makes no finding of whether this discovery is admissible at trial as it is the province of the district judge to make that determination.